UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SECURITIES AND EXCHANGE COMMISSION,

          Plaintiff,

vs.                                Case No.  2:11-cv-116-FtM-29DNF

RADIUS CAPITAL CORP., ROBERT A. DIGIORGIO,

          Defendants.
_____

**OPINION AND ORDER**

    This matter comes before the Court on Defendant's Daubert Motion to Exclude the Opinion Testimony of Karen Garner (Doc. #105) filed on August 30, 2012. Plaintiff filed a Response in Opposition (Doc. #110) on September 17, 2012. For the reasons set forth below, the motion is denied.

**I.**

    The legal principles governing the admissibility of expert testimony are well settled. Federal Rule of Evidence 702 is the starting point, and provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

In <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S. 137 (1999) and <u>Daubert v. Merrell Dow Pharms.</u>, 509 U.S. 579 (1993) the Supreme Court held that the trial court has a "gatekeeper" function designed to ensure that any and all expert testimony is both relevant and reliable. The importance of this gatekeeping function "cannot be overstated." <u>United States v. Frazier</u>, 387 F.3d 1244, 1260 (11th Cir. 2004)(*en banc*), <u>cert. denied</u>, 544 U.S. 1063 (2005).

In determining the admissibility of expert testimony under Rule 702, the Court applies a "rigorous" three-part inquiry. <u>Frazier</u>, 387 F.3d at 1260. Expert testimony is admissible if "(1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in <u>Daubert</u> [ ]; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue." <u>Rosenfeld v. Oceania Cruises, Inc.</u>, 654 F.3d 1190, 1193 (11th Cir. 2011)(citation omitted). "The burden of laying the proper foundation for the admission of expert testimony is on the party offering the expert, and the admissibility must be shown by a preponderance of the evidence." <u>Hall v. United Ins. Co. of Am.</u>, 367 F.3d 1255, 1261 (11th Cir. 2004); <u>see also</u> <u>McCorvey v. Baxter Healthcare Corp.</u>, 298 F.3d 1253, 1256 (11th Cir. 2002). The admission of expert

testimony is a matter within the discretion of the district court, which is accorded considerable leeway in making its determination. Cook v. Sheriff of Monroe Cnty., 402 F.3d 1092, 1103 (11th Cir. 2005); Frazier, 387 F.3d at 1258.

The first requirement for the admissibility of expert testimony is that the expert is qualified to testify competently regarding the matters he or she intends to address. United States v. Hansen, 262 F.3d 1217, 1234 (11th Cir. 2001); City of Tuscaloosa v. Harcros Chems., Inc., 158 F.3d 548, 563 (11th Cir. 1998). Rule 702 permits a person to qualify as an expert based upon knowledge, skill, experience, training, or education. Frazier, 387 F.3d at 1260-61.

The second requirement, discrete and independent from the witness's qualifications, is reliability. Frazier, 387 F.3d at 1261. While the criteria used to evaluate the reliability of non-scientific, experience-based testimony may vary from case to case, the district court must evaluate the reliability of the testimony before allowing its admission at trial. Id. at 1261-62. It is not, however, the role of the district court to make ultimate conclusions as to the persuasiveness of the proffered evidence. Rosenfeld, 654 F.3d at 1193.

The third requirement for admissibility is that the expert testimony must assist the trier of fact. Thus, "expert testimony is admissible if it concerns matters that are beyond the

understanding of the average lay person. . . . Proffered expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments." <u>Frazier</u>, 387 F.3d at 1262-63.

## II.

Defendant Robert A. Di Giorgio (Di Giorgio) seeks to exclude plaintiff's designated expert Karen Garner. Ms. Garner was retained by plaintiff to "analyze single family mortgage loans originated by [defendant] Radius Capital Corporation (Radius) to determine compliance with requirements established by the US Department of Housing and Urban Development's (HUD) Federal Housing Administration (FHA)." (Doc. #105-2, p. 3.) Di Giorgio does not challenge Ms. Garner's qualifications, the reliability of her methodology, or that her testimony concerns matters that are beyond the understanding of the average lay person. Instead, he argues that Ms. Garner's opinion should be excluded because of the underlying data used in formulating her opinion. Specifically, Di Giorgio asserts that as a normal practice Radius maintained two mortgage files for each borrower: (1) the original file that was held at Radius and later packaged to be submitted for FHA mortgage insurance; and (2) a copy that was sent to HUD while documents were still being collected for the original file. (Doc. #105-3.) Di Giorgio claims that the original files were seized by the Government National Mortgage Association (GNMA) before Radius was

able to submit them for FHA mortgage insurance, that he has been told and has evidence that GNMA subsequently lost the original files, and he has been told and has evidence that Ms. Garner only reviewed the HUD files. (Id.)  In response, plaintiff asserts that Ms. Garner reviewed the original files seized by GNMA and in support provides three declarations from Paul St. Laurent III, Scott A. Lowry, and Karen Garner.  (Docs. #110-1, 110-2, 110-4.)

Given the limited evidence Di Giorgio has produced in support of his argument, the Court will deny Di Giorgio's motion to exclude Ms. Garner's testimony.  However, the Court will do so without prejudice.  Di Giorgio is free to move to exclude the testimony at trial if plaintiff is unable to establish that the documents relied upon by Ms. Garner were true and correct copies of the files seized by the GNMA in late 2006.

Accordingly, it is now

**ORDERED:**

Defendant's Daubert Motion to Exclude the Opinion Testimony of Karen Garner (Doc. #105) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this 10th day of January, 2013.

JOHN E. STEELE
United States District Judge

Copies:
Pro se parties
Counsel of record