UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SECURITIES AND EXCHANGE COMMISSION,

           Plaintiff,

vs.                                    Case No.   2:11-cv-116-FtM-29DNF

RADIUS CAPITAL CORP., ROBERT A. DIGIORGIO,

           Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. #171) filed on February 7, 2013. Plaintiff filed an Opposition (Doc. #187) on February 25, 2013. On March 8, 2013, defendant filed a Reply (Doc. #193). Additionally, plaintiff filed a Supplemental Opposition (Doc. #201) and defendant filed a Supplemental Response (Doc. #202).[1] Defendant asserts that the Court lacks subject matter jurisdiction because: (1) the Complaint (Doc. #1) fails to allege that the Government National Mortgage Association (Ginnie Mae) is an investor or that Ginnie Mae sold any security on behalf of defendant; (2) plaintiff admits that the Ginnie Mae prospectus was never disseminated into the market and cannot be used as the basis

---

[1]Also before the Court is Defendant's Motion for Leave of Court (Doc. #213), in which defendant seeks correction of typographical errors found in his Declaration (Doc. #203) referenced in his Supplemental Response. The Court will grant defendant's motion to the extent that "1996" in lines 4 and 5 of the declaration will be read by the Court as "2006."

of security fraud; and (3) the statute of limitations for most of plaintiff's claims expired prior to the filing of the Complaint. (Id.)

**I.**

Subject matter jurisdiction relates to the Court's power to adjudicate a case. Morrison v. Nat'l Austl. Bank Ltd., 130 S. Ct. 2869, 2877 (2010); Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 160 (2010). If jurisdiction is found lacking, the Court can not proceed at all; its sole remaining duty is to state that it lacks jurisdiction and dismiss the case. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998); see also Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999)("[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue.").

Fed. R. Civ. P. 12(b)(1) motions challenging the subject matter jurisdiction of the court may assert a "facial" attack or a "factual" attack on the jurisdiction of the court. Morrison v. Amway Corp., 323 F.3d 920, 924 n. 5 (11th Cir. 2003). A facial attack challenges subject matter jurisdiction based on the allegations in the complaint, and the court takes the allegations in the complaint as true in deciding the motion. Id. A factual attack challenges subject matter jurisdiction in fact, regardless of the pleadings. Id. In deciding a factual attack, the district court may consider extrinsic evidence such as testimony and

affidavits. <u>Id.</u> In this case, defendant is raising both a facial and factual attack on the Court's subject matter jurisdiction.

**II.**

Defendant's arguments that the Court lacks subject matter jurisdiction because plaintiff fails to allege that Ginnie Mae is an investor, or that Ginnie Mae sold any security on behalf of defendant, or that the Ginnie Mae prospectus was not disseminated into the market, have been previously addressed by this Court in its January 24, 2013 Opinion and Order (Doc. #165). In denying defendant's second amended motion for summary judgment, the Court stated that "there remain genuine issues of material fact as to whether the false representations were 'in connection with' or 'in the offer and sale of' a security." (<u>Id.</u>, p. 10.) Therefore, defendant's motion to dismiss for lack of subject matter jurisdiction is denied as to these arguments.

Defendant's remaining argument that the statute of limitations expired for most of plaintiff's claims prior to the filing of the Complaint is not jurisdictional. <u>See</u> <u>Compagnoni v. United States</u>, 173 F.3d 1369, 1370 n. 3 (11th Cir. 1999). Plaintiff asserts that the argument should be denied as untimely and abandoned because the motion was filed after the dispositive motion deadline, and the argument was dropped from defendant's second amended motion for summary judgment after being raised in defendant's original and first amended motions for summary judgment. (Doc. #187, p. 3.)

-3-

The Court is not inclined to deny defendant's motion based on untimeliness or abandonment. Defendant has raised the statute of limitations as an affirmative defense in his Answer (Doc. #145). Even if the Court denied the motion based on untimeliness, defendant still would have the right to raise his statute of limitations defense at trial in a Rule 50 motion. See Long v. Howard Univ., 550 F.3d 21, 24-25 (D.C. Cir. 2008)(defendant who asserts a statute of limitations defense in its answer may raise the defense at trial); see also Edwards v. Fulton Cnty. Ga., 509 F. App'x 882, 887 (11th Cir. 2013)("defendant does not waive an affirmative defense if the earlier omission from responsive pleadings does not prejudice the plaintiff"). In addition, whether it is apparent from the face of the complaint that a claim is time-barred is a question of law that would more appropriately be resolved before trial. The Court will consider defendant's statute of limitations argument.

Plaintiff filed its Complaint (Doc. #1) on March 7, 2011. In its Complaint, plaintiff brings claims under Section 17(a) of the Securities Act and Section 10(b) and Rule 10b-5 of the Exchange Act. Plaintiff requests that the Court: (1) enjoin defendant from future violations; (2) enjoin defendant from participating in any offer or sale of mortgage-backed securities issued by Radius Capital Corp. (Radius) or by any entity owned or controlled by Radius or Di Giorgio; (3) order disgorgement of the profits from

the sale of fifteen Radius mortgage-backed securities; and (4) impose civil penalties. (Doc. #1.) Plaintiff alleges that the fifteen mortgage-backed securities at issue in this case were issued and sold by Radius between December 1, 2005 and October 2006. (Id., pp. 7, 8.)

Neither the Securities Act nor the Exchange Act provide a specific statute of limitations for SEC civil enforcement actions. See SEC v. Calvo, 378 F.3d 1211, 1218 (11th Cir. 2004). However, 28 U.S.C. § 2462 provides a five year statute of limitations for "an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise. . . ." 28 U.S.C. § 2462. The issue is to what extent 28 U.S.C. § 2462 applies to the relief requested by plaintiff.[2]

The Supreme Court's recent decision in Gabelli v. SEC, 133 S. Ct. 1216 (2013) held that 28 U.S.C. § 2462 applies to civil penalties, and that the discovery rule does not apply to extend the statute of limitations. Plaintiff agrees that its request for civil penalties are time-barred as to the mortgage-backed securities issued prior to March 2006.[3] Therefore, the Court will

---

[2]Defendant does not contend that 28 U.S.C. § 2462 applies to plaintiff's disgorgement request and if the defendant did, the Court would be inclined to deny defendant's contention. See Zacharias v. SEC, 569 F.3d 458, 473 (D.C. Cir. 2009); see also Calvo, 378 F.3d 1211.

[3]Defendant argues that the mortgage-backed security issued on March 1, 2006 and signed on March 24, 2006 is also time-barred as (continued...)

bar plaintiff from seeking civil penalties for the five mortgage-backed securities issued prior to March 2006.

The parties dispute whether 28 U.S.C. § 2462 applies to plaintiff's requests for permanent injunctions. "Some courts have held that some or all of the[ ] equitable remedies are exempt from § 2462's limitations period as a matter of law . . . [o]ther courts have engaged in a fact-intensive inquiry to determine whether the equitable remedies sought in a particular case are remedial or punitive." SEC v. Quinlan, 373 F. App'x 581, 587 (6th Cir. 2010)(collecting cases). See also SEC v. Bartek, 484 F. App'x 949 (5th Cir. 2012)(applying fact-intensive inquiry). The Eleventh Circuit has not yet weighed in on the issue. Given the potential fact intensive nature of the determination, the Court will defer ruling on the issue until presented with a Rule 50 motion at trial.

Accordingly, it is now

**ORDERED**:

1. Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. #171) is **GRANTED in part and DENIED in part** as set forth above.

---

[3](...continued)
the claim first accrued upon issuance of the security. (Doc. #202, p. 2.) Because it is not apparent on the face of the Complaint whether the claim first accrued when the security was issued, signed, or delivered, the Court will not bar relief arising from this mortgage-backed security at this time.

2. Defendant's Motion for Leave of Court (Doc. #213) is **GRANTED** to the extent that "1996" in lines 4 and 5 of the declaration will be read by the Court as "2006."

**DONE AND ORDERED** at Fort Myers, Florida, this <u>15th</u> day of July, 2013.

_____
JOHN E. STEELE
United States District Judge

Copies:
Pro se parties
Counsel of record