UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.                                Case No: 2:11-cv-116-FtM-29DNF

RADIUS CAPITAL CORP. and
ROBERT A. DIGIORGIO,

    Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on Defendant Robert A. DiGiorgio's Motion to Dismiss and [for] Clarification of Previously Dismissed Prospectus Charges (Doc. #379) filed on April 9, 2015. For the reasons set forth below, the motion is denied.

Though styled as a motion to dismiss, Defendant's motion actually seeks reconsideration of the Court's March 1, 2012 Opinion and Order (Doc. #46) in which the Court dismissed some, but not all, of Plaintiff's causes of action. In his motion, Defendant argues that the Court should have dismissed additional causes of action and/or dismissed Plaintiff's Complaint in its entirety. A motion for reconsideration "must be made within a reasonable time." Fed. R. Civ. P. 60(e)(1). Here, Defendant filed his motion more than three years after the Opinion and Order in question and more

than one year after the jury returned a verdict finding him liable for the causes of action he now seeks to dismiss.  Accordingly, the Defendant's motion for reconsideration is denied as untimely.[1]

In the alternative, Defendant seeks clarification that the Court's March 1, 2012 Opinion and Order precludes the Court from considering the dismissed causes of action in connection with Plaintiff's Motion for Entry of Final Judgment Imposing Monetary and Injunctive Relief (Doc. #335).  On April 20, 2015, the Court granted Plaintiff's motion.  (Doc. #386.)  Pursuant to that Opinion and Order, Judgment (Doc. #388) was entered in favor of Plaintiff and against Defendant on April 23, 2015.  The April 20, 2015 Opinion and Order, and the Judgment entered pursuant to it, concerned only those causes of action for which Defendant was found liable by the jury and, therefore, does not address causes of action previously dismissed.  As a result, Defendant's motion for clarification is denied as moot.

Accordingly, it is hereby

---

[1] Even if Defendant's motion was timely, it would nevertheless be denied.  Defendant's argument that he cannot be held liable for violations of Section 17(a) of the Securities Act absent proof that he himself made and untrue statement of material fact was recently rejected by the Eleventh Circuit in SEC v. Big Apple Consulting USA, Inc., No. 13-11976, 2015 WL 1566925, at *6-8 (11th Cir. Apr. 9, 2015).

**ORDERED AND ADJUDGED:**

Defendant's Motion to Dismiss and [for] Clarification of Previously Dismissed Prospectus Charges (Doc. #379) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this  24th  day of April, 2015.

*/s/ John E. Steele*
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record
Defendant