```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.                               Case No: 2:11-cv-116-FtM-29MRM

RADIUS CAPITAL CORP. and
ROBERT A. DIGIORGIO,

    Defendants.

_____

## **OPINION AND ORDER**

This matter comes before the Court on defendant Robert A. Digiorgio's Motion for Reconsideration of Opinion and Judgment of Dkt 386 Based on New Opinion of 11th Circuit (Doc. #405) filed on October 12, 2016. The Securities and Exchange Commission (SEC) filed an Opposition to Digiorgio's Renewed Motion for Reconsideration of Judgment (Doc. #406), and defendant filed a Reply (Doc. #407) without leave of Court[1].

On February 6, 2014, a jury found in favor of the SEC and against defendant on all claims. (Doc. #333.) On April 20, 2015, the Court issued an Opinion and Order (Doc. #386) enjoining defendants[2], and finding defendants jointly and severally liable

---

[1] See M.D. Fla. R. 3.01(c). Although leave of Court to reply was not obtained prior to its filing, the Court will accept and consider the Reply.

[2] The Injunction (Doc. #387) was issued under separate cover on the same day.

for disgorgement in excess of $1.4 million, plus pre-judgment interest from November 1, 2006, and a civil penalty in excess of $1.2 million. Defendant appealed the final orders. (Doc. #392.) On June 27, 2016, defendant filed an Amended Counter Reply on Appeal, and on June 29, 2016, the Eleventh Circuit affirmed all appealed matters. (Doc. #402.) A Petition for Rehearing and Suggestion for Rehearing En Banc filed on August 10, 2016 was denied. (See COA Dkt. #15-12004-GG.) Defendant did not raise the statute of limitations issue on appeal in the first instance, nor did he seek to add the issue on appeal based on Graham[3] while still on appeal.

On September 1, 2016, after the Eleventh Circuit affirmed but before a mandate had issued, the Court denied defendant's Motion for Reconsideration of Opinion and Judgment of Dkt 386 Based on New Opinion of 11th Circuit (Doc. #399) because defendant sought reconsideration more than a year after the decision, and more specifically because he did so before the Eleventh Circuit had issued a mandate on appeal. The Eleventh Circuit issued the Mandate on October 7, 2016, and defendant renewed the request for reconsideration. (Doc. #404.)

---

[3] SEC v. Graham, 823 F.3d 1357 (11th Cir. 2016).

*Jurisdiction*

A non-final order may be revised at any time before the entry of a final judgment. Fed. R. Civ. P. 54(b). "The courts have delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994) (citations omitted). In this case, a final decision had issued and there was no "intervening change" in the law because Graham was issued more than one year after the final Opinion and Order determining disgorgement. As a result, defendant cannot seek reconsideration on this basis.

"[T]he findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings *in the same case in the trial court* or on a later appeal." SEC v. Lauer, 610 F. App'x 813, 817 (11th Cir. 2015) (citation omitted) (emphasis added). Although a district court may address issues not disposed of on appeal, Transamerica Leasing, Inc. v. Inst. of London Underwriters, 430 F.3d 1326, 1331 (11th Cir. 2005), it is also "clear that Rule 60(b) may not be used to challenge mistakes of law which could have been raised on direct appeal," Am. Bankers Ins. Co. of Florida v. Nw. Nat. Ins. Co., 198 F.3d 1332, 1338 (11th Cir. 1999) (citation omitted). In this case, Graham was decided while defendant was still before the Eleventh Circuit. Therefore,

the issue is precluded by defendant's failure to raise the issue on appeal.

### *Rule 60(b) Relief - Generally*

For relief from a <u>final</u> judgment or order, the Court may relieve a party for the reasons listed in Fed. R. Civ. P. 60(b) if made within a reasonable time, and no more than a year after the entry of judgment for the first three reasons, including mistake or excusable neglect, newly discovered evidence, and fraud. As the motion was not filed within a year of the judgment, and this deadline is jurisdictional[4], defendant's arguments based on the first three reasons under Rule 60(b) are rejected.

Defendant argues that the motion is otherwise filed within a reasonable time of the mandate, and shortly after <u>Graham</u> was decided, and therefore timely filed. The other listed bases under Rule 60(b) are not restricted by the one year limit. Defendant argues that the judgment is void under Rule 60(b)(4), and under the catchall "any other reason that justifies relief" of Rule 60(b)(6), the disgorgement amount is inconsistent with <u>Graham</u>.

### *Rule 60(b)(4) - Void Judgment*

"[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." <u>United Student Aid Funds, Inc. v. Espinosa</u>, 559

---

[4] <u>Tundell v. Merck & Co.</u>, No. 3:06CV375/MCR/MD, 2008 WL 2385508, at *1 n.4 (N.D. Fla. June 9, 2008).

U.S. 260, 270 (2010). A judgment is not "void" simply because it was erroneous, and should be applied "in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." Espinosa, 559 U.S. at 271.

Defendant argues that it is a jurisdictional challenge because the Court did not have jurisdiction for actions prior to March 7, 2006, as time barred. (Doc. #407, p. 3.) Defendant's reliance on BellSouth[5] is misplaced. In that case, a statute was amended after the entry of judgment, but *before the decision* of the Eleventh Circuit thus requiring the appellate court to review the judgment below based on the new version of the law. Graham was decided while still on appeal, but defendant in this case did not present the argument to the Eleventh Circuit while he was still on appeal. Rather, defendant sought reconsideration before the undersigned.

The Court finds that defendant is unable to demonstrate that the judgment is void because, as defendant recognizes, "it was settled" at the time that the statute of limitations did not apply, and jurisdiction[6] was therefore present. "A judicial construction

---

[5] BellSouth Telecomms., Inc. v. Town of Palm Beach, 252 F.3d 1169, 1178 (11th Cir. 2001).

[6] There is some question as to whether a time bar would even be jurisdictional, or only an affirmative defense that can be

of a statute is an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction." Rivers v. Roadway Exp., Inc., 511 U.S. 298, 312-13 (1994). The Court's decision was not overruled, it would simply be incorrect under the *current* interpretation of the statute. The motion will be denied on this basis.

### *Rule 60(b)(6) - Any Other Reason for Relief*

By the use of "other reason", Rule 60(b)(6) necessarily precludes from consideration any of the grounds articulated in (1) through (5) of Rule 60. Lillo v. Bruhn, 522 F. App'x 508, 509 (11th Cir. 2013). The purpose of Rule 60(b) is "to do substantial justice", but vacating a judgment should not be undertaken lightly, and is in the "sound discretion of the district court." Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984). Rule 60(b)(6), in particular, is considered an "extraordinary remedy" requiring a showing of "exceptional circumstances", and extreme hardship. Id.

On April 20, 2015, this Court rejected as inapplicable defendant's argument that the sale of MBS prior to March 2006 was barred by the five-year statute of limitations under 28 U.S.C. § 2462, and concluded that the SEC was entitled to disgorgement in

---

waived. Sec. & Exch. Comm'n v. Graham, 823 F.3d 1357, 1360 n.1 (11th Cir. 2016) (citing John R. Sand & Gravel Co. v. United States, 552 U.S. 130, 133 (2008)).

the amount of $1,427,095.00. (Doc. #386, pp. 15-16.) Defendant argues that $399,175.40[7] of the total disgorgement occurred prior to March 7, 2006, and is now time-barred under § 2462, and Graham's extension of the statute of limitations to disgorgement. Under Title 28, United States Code, Section 2462,

> Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued if, within the same period, the offender or the property is found within the United States in order that proper service may be made thereon.

28 U.S.C. § 2462. "Any statute of limitations sought to be applied against the United States must receive a strict construction in favor of the Government." Sec. & Exch. Comm'n v. Graham, 823 F.3d 1357, 1360 (11th Cir. 2016) (citation omitted). In Graham, the Eleventh Circuit found that § 2462 did not apply to the SEC's claim for injunctive relief, which was nonpunitive in nature, but did apply to the declaratory relief sought by the SEC because it was backwards looking and punitive in nature. Graham at 1361, 1363. As to disgorgement, the Eleventh Circuit found that it was synonymous with forfeiture, or rather that "forfeiture includes

---

[7] This amount is based on defendant's calculations and not the amounts determined at trial or the admitted exhibits, and therefore the amount at issue is further disputed.

disgorgement", and therefore § 2462's statute of limitations did apply.  Id. at 1364.[8]

On June 5, 2017, the Supreme Court agreed with the position of the Eleventh Circuit in holding that any claim for disgorgement is a penalty, and thus under § 2462, the action must be commenced within five years of the date the claim accrued.  Kokesh v. SEC, 137 S. Ct. 1635, 1639 (2017).  On June 6, 2017, the Court directed the SEC to file a supplemental memorandum addressing the impact of Kokesh on this case, and directed that defendant could file a response.  (Doc. #408.)  The SEC filed a Supplemental Memorandum (Doc. #409), defendant filed a Reply (Doc. #410), and the SEC filed a Notice of Additional Authority (Doc. #411) relaying a post-Kokesh decision denying reconsideration, SEC v. Amerindo Inv. Advisors Inc., No. 05-CV-5231 (RJS), 2017 WL 3017504, at *9 (S.D.N.Y. July 14, 2017).

A change in the decisional law is not an "extraordinary circumstance" sufficient to invoke Rule 60(b)(6).  Arthur v. Thomas, 739 F.3d 611, 631 (11th Cir. 2014) (citing Gonzalez v. Crosby, 545 U.S. 524, 536-37 (2005)).  Eleventh Circuit precedent is clear that a later ruling that is contrary to a ruling that was correct when it was decided does not constitute an extraordinary

---

[8] This view differed from the view taken by the District of Columbia Circuit, First Circuit, and Tenth Circuits.  See, e.g., Sec. & Exch. Comm'n v. Kokesh, 834 F.3d 1158, 1165 (10th Cir. 2016).

circumstance justifying relief.  Pursuant to Gonzalez and Arthur, reconsideration must be denied.

Accordingly, it is hereby

**ORDERED:**

Defendant Robert A. Digiorgio's Motion for Reconsideration of Opinion and Judgment of Dkt 386 Based on New Opinion of 11th Circuit (Doc. #405) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___11th___ day of August, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record
Defendant